UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VSI HOLDINGS, INC., et al.,

    Plaintiffs/Counter-Defendants,

                                                Case No. 03-CV-70225-DT

v.

                                                HONORABLE DENISE PAGE HOOD

SPX CORPORATION,

    Defendant/Counter-Plaintiff.

_____/

**ORDER REGARDING VARIOUS MOTIONS**

**I.    INTRODUCTION**

This matter is before the Court on various motions filed by Defendant SPX Corporation: Motion for Clarification, "SPX'S Motion for Entry of a Minute Order Reflecting the Court's October 31, 2005 Rulings," "SPX's First Rule 16 Motion," and "SPX's Second Rule 16 Motion."

**II.    MOTION FOR CLARIFICATION**

SPX filed a Motion for Clarification on October 17, 2005 seeking reconsideration of the Court's Memorandum Opinion and Order entered September 30, 2005.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten (10) days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not

> only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

The Court finds that the motion presents the same issues ruled upon by the Court, either expressly or by reasonable implication. The Court further finds that Defendant SPX has not demonstrated a palpable defect by which the Court and the parties have been misled nor has Defendant SPX shown that a different disposition of the case would result from a correction of any error.

In its Opinion, the Court dismissed Count II of SPX's Counterclaim for fraud against VSI. The Court found that SPX has not shown that VSI made any fraudulent statements, in light of the merger clause in the Agreement. SPX did not identify any provision in the Merger Agreement in its response brief which it claims was a misrepresentation by VSI. It was the Court who identified in its Opinion a provision which could possibly relate to SPX's argument. A motion for reconsideration is not an appropriate vehicle for raising new facts or arguments. *Sault St. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) (motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration"), citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992). SPX's Motion for Reconsideration on this issue is denied.

SPX next seeks reconsideration of the Court's denial without prejudice of SPX's Motion to Redress VSI's Destruction of Evidence. The Court noted that the motion was essentially a reargument of a previous motion field by SPX. Addressing that motion, the Court noted in an August 6, 2004 Order that SPX had knowledge of VSI's liquidation process in 2002 while in bankruptcy and that SPX had negotiated an affidavit regarding the documents at issue in the

liquidation. SPX claims that this statement by the Court in its September 30, 2005 Order "suggests" that SPX somehow "consented" to VSI's decision to destroy the its business records in 2002. The Court merely referred to the August 6, 2004 Order[1] and no findings were made regarding "consent."

The Court denies SPX's Motion for Clarification, considered by the Court as a Motion for Reconsideration.

### III. SPX'S MOTION FOR ENTRY OF A MINUTE ORDER REFLECTING THE COURT'S OCTOBER 31, 2005 RULINGS

SPX seeks an Order setting forth this Court's oral rulings on SPX's Motion for Clarification made at an October 31, 2005 Status Conference with the parties, which was not on the record. Specifically, SPX claims the Court ruled that: 1) SPX is not precluded from presenting evidence at trial that VSI made financial representations in connection with Section 2.9 of the Merger Agreement; and, 2) SPX is not precluded from presenting evidence at trial regarding VSI's destruction of evidence. The Court has addressed SPX's Motion for Clarification above, which the Court finds does not relate to SPX's Motion for Entry of a Minute Order Reflecting the Court's October 31, 2005 Rulings. The issues raised in the Motion for Clarification are not the specific issues raised in SPX's Motion for a Minute Order. The Court indicated to the parties at the October 31, 2005 conference that an order would be issued on the Motion for Clarification, which the Court has done above.

The Court notes that Status Conferences are held off the record. Accordingly, the Court does not generally rule on substantive issues during a conference without the benefit of briefs from the parties. The Court merely indicated that because the two issues raised by SPX in the Motion for

---

[1] No motion for reconsideration was filed by SPX after the entry of the August 6, 2004 Order.

Entry of a Minute Order have not been expressly ruled upon the Court, nor raised by the parties in any motion, SPX is not precluded from presenting such evidence at trial, if the evidence conforms with the Rules of Evidence.

Specifically addressing VSI's financial status, the previous motions submitted by the parties did not seek preclusion of any evidence of VSI's financial status at trial as it relates to SPX's remaining claim against VSI in SPX's Breach of Contract claim in Count I of SPX's Counterclaim. Count I alleges that, "VSI breached the representations and warranties contained in section 2.9 of the Merger Agreement due to the significant deterioration in VSI's revenues, profits and prospects, as evidenced by the cancellation of several customer contracts, including that involving the General Motors AutoShow In Motion program." (Counterclaim, Count I) There has been no ruling entered by the Court that SPX is precluded from presenting any relevant evidence regarding VSI's financial status as it relates to SPX's claim in Count I of its Counterclaim, or as a defense to any of VSI's remaining claim against SPX. As the Court so ruled above and in its previous Order regarding the parties' summary judgment motions, SPX's fraud and misrepresentation claims in Counts II and III of its Counterclaim are dismissed, therefore, SPX cannot use the financial status evidence relating to its dismissed fraud and misrepresentation claims.

As to the destruction or spoliation of evidence issue at trial, the Court indicated that evidence of spoliation may be raised at trial since no ruling has been entered regarding the preclusion of such evidence at trial. This issue, as it relates to whether such evidence can be raised at trial, has not been addressed in any motion by the party. SPX's various motions on the destruction of evidence claim requested dismissal of VSI breach of contract claim and costs. No motion in limine has been filed to exclude SPX from presenting spoliation evidence at trial. If relevant, courts have allowed

4

spoliation evidence at trial. *See, e.g., United States v. Mendez-Ortiz,* 810 F.2d 76, 79 (6th Cir. 1986).

**IV.  SPX's TWO MOTIONS FOR A RULE 16 ORDER**

SPX has filed two Motions for a Rule 16 Order addressing the merits of the remaining claims and seeking dismissal of these claims.  VSI has responded to one of the motions that SPX is essentially filing untimely summary judgment motions and motions in limine.

The Court agrees with SPX that one of the purposes of Rule 16(c) is "the formulation and simplification of the issues, including the elimination of frivolous claims or defenses," and with respect to "such other matters as may facilitate the just, speedy, and inexpensive disposition of the action."[2]  Fed. R. Civ. P. 16(c).  SPX cited two Sixth Circuit cases to support its arguments, *American Road Serv. Co. v. Consol. Rail Corp.,* 348 F.3d 565, 567 (6th Cir. 2003) and *Smith v. Gulf Oil Co.,* 995 F.2d 638, 641 (6th Cir. 1993).  However, the Court's review of Rule 16 and the cases cited by SPX does not support SPX's argument that Rule 16 can be used to circumvent the Court's previous scheduling orders governing the filing of dispositive motions and the dispositive motion procedures set forth in Rules 12 and 56 of the Rules of Civil Procedures and E.D. Mich. L.R. 7.

Rule 16 expressly governs "pretrial conferences" before the Court and "pretrial orders." The Court has issued various orders in this matter governing discovery and dispositive motion practice and have held various conferences with the parties.  The scheduling order and the motion cut-off deadlines are the tools used by the parties and the Court to "narrow" the issues for trial.  The parties have filed numerous dispositive and in limine motions before the Court, which the Court has ruled

---

[2] The Court notes that the parties' discovery and motion practice in this case have not promoted the "speedy" and "inexpensive" disposition of the action, as now argued by SPX.

upon. The issues have been "narrowed" in accordance with the Court's rulings on the numerous motions filed by the parties. The parties have been given ample opportunities to "narrow" the issues for trial, including the preparation of the proposed Joint Final Pretrial Order as required under E.D. Mich. LR 16.1 and as contemplated by Fed. R. Civ. P. 16(e). The Court notes that Rule 16 expressly give the court "discretion" to manage the cases through pretrial conferences and scheduling orders. Fed. R. Civ. P. 16(a).

The cases cited by SPX do not support its argument that SPX can now seek dispositive rulings on issues not previously raised in their summary judgment motions or reconsideration of the Court's rulings. The *American Road Service* case does not mention Rule 16. The district court in that case requested that both parties brief dispositive issues. At the end of the defendant's brief, it requested the entry of judgment as a matter of law. The plaintiff responded that the defendant's request for judgment be denied. The district court entered judgment against the plaintiff. The plaintiff appealed arguing that the dispositive motions deadline had expired and that the court entered summary judgment *sua sponte*. The Sixth Circuit noted that a district court has the authority to *sua sponte* grant summary judgment if the party against whom judgment is to be entered is given ten days notice and an adequate opportunity to respond. The Sixth Circuit affirmed the district court's grant of summary judgment noting that the plaintiff had notice, was aware of the relevant issues and had an opportunity to respond and in fact responded to the defendant's request for judgment as a matter of law. *American Road Service*, 348 F.3d at 567. In this case, this Court did not request briefs on any dispositive issues, has not contemplated entering summary judgment *sua sponte* and has already heard and ruled on various dispositive motions submitted by the parties.

In the *Smith* case, the district court did not allow plaintiff's counsel to present a theory not

alleged in the original complaint. The plaintiff's counsel had not filed a motion to amend the complaint to add such a new theory but merely raised the issue on oral motion, without proper briefing and without any citations. The district court did not allow the plaintiff to argue the new theory at trial and the Sixth Circuit affirmed indicating that the district court had the authority under Rule 16 to weed out frivolous claims at trial. *Smith,* 995 F.2d at 642-44.

SPX has not shown that Rule 16 is a rule which can circumvent the Court's scheduling orders and the dispositive motion procedures in order to argue dispositive issues. Other than the two Rule 16 motions filed by SPX, the undersigned has not seen such a motion filed by any party using Rule 16 as a vehicle to argue dispositive issues.

After reviewing SPX's two Motions for a Rule 16 Order, the Court finds that these motions are untimely Motions for Summary Judgment and/or untimely Motions for Reconsideration of the Court's previous Order addressing the parties' various summary judgment motions. The motion filing deadline was June 4, 2004. (4/29/04 Scheduling Order) The Court will not consider the merits of SPX's two Motions for a Rule 16 Order. SPX's two Motions for a Rule 16 Order is denied.

**V.    MOTIONS IN LIMINE**

SPX has filed three additional Motions in Limine on January 30, 2006.

The Court notes that the deadline for filing trial Motions in Limine was August 2, 2004. (4/29/04 Scheduling Order) SPX attached a transcript of a March 15, 2005 hearing with its Motions in LImine wherein the Court indicated that the issue of whether a document is privileged can be raised in a future motion in limine. (See, 3/15/05 Hrg. Tr.) The hearing related to SPX's request to perform a forensic search of VSI's computers. It appears that SPX filed motions in limine beyond

7

the scope of the motions in limine contemplated by the Court at the March 15, 2005 hearing. However, VSI indicated responses will be filed to the motions in limine. The Court notes that it will not address any motions in limine which are essentially motions for reconsideration of previous orders entered by the Court. The Court will rule on the motions in limine on the briefs by the first day of trial.

## V.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that SPX's Motion for Clarification fo September 30, 2005 Order **(Docket No. 227, filed October 17, 2005)** is DENIED.

IT IS FURTHER ORDERED that SPX's Motion for Entry of a Minute Order Reflecting the Court's October 31, 2005 Rulings **(Docket No. 233, filed January 10, 2006)** is DENIED inasmuch as no formal motion was before the Court and the Court did not make a formal ruling on the record. However, for the reasons set forth above, the Court notes, without ruling on whether the evidence is admissible under the Rules of Evidence, SPX is not precluded from presenting any relevant evidence regarding: 1) VSI's financial status as it relates to Count I of SPX's Counterclaim or any defense to any remaining claims against SPX and 2) spoilation of evidence.

IT IS FURTHER ORDERED that SPX's First Rule 16 Motion **(Docket No. 228, filed December 12, 2005)** is DENIED.

IT IS FURTHER ORDERED that SPX's Second Rule 16 Motion **(Docket No. 242, filed January 30, 2006)** is DENIED.

IT IS FURTHER ORDERED that any motions in limine filed by the parties will be ruled on briefs.

8

IT IS FURTHER ORDERED that no further motions will be filed by the parties without a showing of good cause and without leave of court.

        /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: March 7, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 7, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager